NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-238

COMMONWEALTH

vs.

CLEVELAND JONES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant challenges the order revoking his probation on the grounds that the judge (1) improperly considered evidence that had not been authenticated, (2) impermissibly excluded witness testimony, and (3) failed to make necessary written findings.  We affirm.

The defendant pleaded guilty in March 2023 to threatening to commit a crime (G. L. c. 275, § 2) and was sentenced to a term of probation with conditions including staying away from the victim.  By June the defendant was alleged to be in violation of his probation terms because he had engaged in multiple attempts to contact the victim.  Because this appeal focuses on the evidence adduced at the probation revocation

hearing, we discuss those facts in combination with the applicable legal principles.

"The decision to revoke probation, based on a violation shown by a preponderance of the evidence, lies within the discretion of the judge." Commonwealth v. Sargent, 98 Mass. App. Ct. 27, 29 (2020). "[W]e uphold a judge's finding of a probation violation if it is supported by a preponderance of the evidence." Id.

The defendant first contends that the judge erred in admitting six exhibits, screen shots from the victim's cell phone of messages and calls via Instagram (a social media site), because the evidence did not establish that they were authentic and came from the defendant. In addressing this argument, we ask whether the evidence established that these exhibits were reliable. See Sargent, 98 Mass. App. Ct. at 30. It did.

"The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Commonwealth v. Purdy, 459 Mass. 442, 447 (2011), quoting Mass. G. Evid. § 901(a) (2011). Formal authentication procedures need not be followed in a probation revocation hearing, see Sargent, 98 Mass. App. Ct. at 27, where "standard evidentiary rules do not apply." Commonwealth v. Durling, 407 Mass. 108, 117 (1990). Instead, the "preeminent

2

concern with respect to the evidence presented and considered at revocation proceedings is its reliability." Sargent, supra at 30, quoting Commonwealth v. Thissell, 457 Mass. 191, 196 (2010).

Here, the victim testified that she had known the defendant since May 2019 and that she had been in a relationship with him between March and December of 2022. They had followed each other on Instagram since 2022; she recited part of his Instagram username from memory; and, when shown his Instagram page, she identified it by the username, by photographs of him, and from having followed that account since 2022. The judge, who could see the defendant, was also able to examine the photographs and conclude for himself whether they depicted the defendant. The victim explained that Instagram allowed for the exchange of messages and calls from one user's profile to another and testified that she had exchanged messages with the defendant by Instagram in the past. After reading messages in which the defendant threatened to kill her and do psychological harm to her daughter, she confirmed that the defendant had once met her daughter. Another message related to the victim's having "pressed charges" against the defendant, which she had done by seeking an abuse prevention order. Taken together, this evidence adequately established the reliability of exhibits two through five.

The defendant also challenges the admission of exhibits six and seven, screen shots of the Instagram call and of a call log. The victim testified that the screen shots fairly and accurately represented (1) the appearance of her ringing phone, including showing the defendant's name and face, and (2) her call log. Exhibits six and seven depict the same photograph and Instagram username as the earlier Instagram messages. Because we concluded that exhibits two, three, four, and five were adequately authenticated, the judge did not err in admitting exhibits six and seven.

Second, the defendant argues that the judge violated his due process rights by not admitting testimony from a proposed defense witness. We review to determine whether there was error and, if so, whether the error was harmless beyond a reasonable doubt. See Commonwealth v. Hartfield, 474 Mass. 474, 483 (2016). The defendant offered the witness to help the judge "understand background about [the defendant's] and [the victim's] relationship, their credibility." Defense counsel agreed that the witness did not have any firsthand "knowledge of the restraining order" or "the alleged violations." The judge carefully probed whether the witness would testify as to the matter at hand (violation of probation or the restraining order) and reasonably concluded that the defendant was offering impermissible character evidence. Based on the representations

4

of defense counsel, this conclusion was not error.  See id. at 481-482.

Finally, the defendant maintains that the judge denied him due process by failing to issue a written statement describing the evidence relied on and the reasons for revoking his probation.  The judge orally stated his findings in the transcript, which the defendant has.  That is sufficient.  See Hartfield, 474 Mass. at 484 n.8 (due process right to statement of evidence relied on and reasons for revoking probation satisfied by oral findings of which probationer obtains transcript).  See also Fay v. Commonwealth, 379 Mass. 498, 504-505 (1980) (same).

Order revoking probation and imposing sentence affirmed.

By the Court (Neyman, Hershfang & Toone, JJ.[1]),

Clerk

Entered:  May 20, 2026.

---

[1] The panelists are listed in order of seniority.